822 F.2d 55
 27 ERC 1150, 18 Envtl. L. Rep. 20,585
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
MARYLAND PEST CONTROL ASSOCIATION; Maryland Alliance for
the Responsible Regulation of Pesticides, Plaintiff-Appellee,
v.
PRINCE GEORGE'S COUNTY, MARYLAND; Parris N. Glendening,
Defendant-Appellant,
National Pest Control Association, Amicus Curiae,
and
Montgomery County, Maryland; Charles W. Gilchrist, Defendant.
MARYLAND PEST CONTROL ASSOCIATION; Maryland Alliance for
the Responsible Regulation of Pesticides, Plaintiff-Appellee,
v.
MONTGOMERY COUNTY, MARYLAND; Charles W. Gilchrist,
Defendant-Appellant,
National Pest Control Association, Amicus Curiae,
and
Prince George's County, Maryland; Parris N. Glendening, Defendant.
 Nos. 86-3633, 86-3639.
 United States Court of Appeals, Fourth Circuit.
 Argued April 7, 1987.
Decided June 16, 1987.
 
 Before RUSSELL, PHILLIPS and SPROUSE, Circuit Judges.
 Steven M. Gilbert (Larnzell Martin, Jr.; Michael O. Connaughton; John P. McKenna, Jr., on brief), Alan Marvin Wright (Paul A. McGuckian, on brief), for appellants.
 Steven Paul Resnick (Bruce C. Bereano; Bereano & Resnick, P.A., on brief), for appellees.
 Lawrence S. Ebner; McKenna, Conner & Cuneo, on brief, for amicus curiae National Pest Control Association.
 PER CURIAM:
 
 
 1
 This is a consolidated appeal by Prince George's County, Maryland, and Montgomery County, Maryland, as well as their county executives, Charles W. Gilchrist and Parris N. Glendening, from the district court's summary judgment in favor of the Maryland Pest Control Association and Maryland Alliance for the Responsible Regulation of Pesticides (the Associations). The court held that the counties' ordinances, which require public notice and consumer disclosure when pesticides are used, are invalid under the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA), 7 U.S.C. Sec. 136 et seq. We affirm.
 
 
 2
 The Prince George's County ordinance was passed December 10, 1985, and became effective February 1, 1986. It requires "custom applicators" to post notices on property before and after applying pesticides and to provide customers with written statements listing the contents of pesticides and other information. The Montgomery County ordinance was passed February 16, 1986, and became effective that day. It requires "custom applicators" to post signs after applying pesticide and to provide customers information about the pesticide used. In addition, retailers of pesticides must make available "notice signs" and information sheets on the contents of pesticides they sell.
 
 
 3
 The Associations filed this action on May 30, 1986, seeking declaratory and injunctive relief. They contended that FIFRA preempts local regulation of the use of federally registered pesticides. The district court entered a temporary restraining order against the enforcement of the Prince George's ordinance on May 30, 1986 (the day the action was filed). It entered a preliminary injunction against its enforcement on July 17, 1986. Both sides moved for summary judgment, which the court granted in favor of the Associations with respect to both ordinances on September 30, 1986. The counties' appeals were consolidated for argument.
 
 
 4
 The relevant section of FIFRA is 7 U.S.C. Sec. 136v entitled "Authority of States," which provides:
 
 
 5
 (a) A State may regulate the sale or use of any federally registered pesticide or device in the State, but only if and to the extent the regulation does not permit any sale or use prohibited by this subchapter.
 
 
 6
 (b) Such State shall not impose or continue in effect any requirements for labeling or packaging in addition to or different from those required under this subchapter.
 
 
 7
 (c)(1) A State may provide registration for additional uses of federally registered pesticides formulated for distribution and use within that State to meet special local needs in accord with the purposes of this subchapter and if registration for such use has not previously been denied, disapproved, or canceled by the Administrator. Such registration shall be deemed registration under Section 136a of this title for all purposes of this subchapter, but shall authorize distribution and use only within such State.
 
 
 8
 This section was added by the comprehensive 1972 amendment to FIFRA, included in the Federal Environmental Pesticide Control Act of 1972, Pub.L. No. 92-516, Sec. 2, 86 Stat. 997. Prior to the amendment, state and local subdivisions had exercised regulatory powers over pesticides. Section 136v defines the extent to which they may continue to exercise regulatory authority. It expressly grants a state limited authority to regulate pesticide use. The counties argue that Congress intended them to have the same authority as the state, provided the state properly delegated that authority to them. The Associations, of course, argue otherwise.
 
 
 9
 The district court agreed with the Associations' position and held that the legislative history indicated Congress intended to restrict the authority to regulate to states and not extend it to their political subdivisions. It concluded:
 
 
 10
 [T]his legislative history could not be more clear. Both the House and the Senate expressly considered the question of whether local governments should be authorized to regulate pesticides and, although there was an interim disagreement between two Senate committees on the issue, the legislation as finally enacted by the Senate and the House did not include the proposed language, clearly focused upon in both chambers, which would have authorized local pesticide regulation. Principled decision-making and respect for the integrity of the legislative process compel the conclusion that Congress knew and meant what it was doing.
 
 
 11
 We agree and affirm on the well-reasoned opinion of the district court. Maryland Pest Control Association v. Montgomery County, Maryland, C.A. No. JFM-86-1688 (Sept. 29, 1986).
 
 
 12
 AFFIRMED.